MERRILL TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28802. Promulgated January 29, 1931.

*Herbert J. Connell, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.

1410

OPINION.

STERNHAGEN : From an examination of numerous cases already decided, from *William J. Ostheimer*, 1 B. T. A. 18, through *Spring Canyon Coal Co.* v. *Commissioner*, 43 Fed. (2d) 78, affirming 13 B. T. A. 189, it is apparent that a reserve set up by a taxpayer to meet future demands is not deductible as a business expense. Cf. *Lucas* v. *American Code Co.*, 280 U. S. 445. While, upon detailed evidence establishing an enforceable trust, it has been held that irrecoverable payments thereto were, under the circumstances, deductible, *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464; *Lemuel Scarbrough*, 17 B. T. A. 317; *Elgin National Watch Co.*, 17 B. T. A. 339, there is no reason in the present record to say that a trust was created. The petitioner, with all of its experience in trust matters, deliberately refrained from making a trust agreement or declaration. This omission can not be casually regarded, as by counsel's statement that

"unfortunately perhaps for the purpose of the argument no formal trust certificate was ever made." In the absence of such instrument or other evidence equally secure, the petitioner could resist any demands to enforce a trust or to account. The vote of the executive committee in making the three appropriations was merely to shift accounts by charging one and crediting the other. Both accounts were its own and subject to its uncontrolled disposition. To constitute a trust would require more than to label the account a pension fund.

Some attempt was made to prove a permanence and irrevocability of the fund; but it went only so far as the statement of the trust officer, who apparently had nothing to do with setting it up, that he understood that the officers contemplated the fund to be permanent and irrevocable and that he did not understand that the officers felt that petitioner could take back the principal of the fund and put it in the banking funds. This witness' understanding of this feeling and contemplation adds nothing to the facts to warrant the conclusion that a trust existed.

The respondent correctly disallowed the deduction of the $5,000.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

SMITH, dissenting: The petitioner is a trust company under the laws of the State of Maine and is entitled to receive trust funds in its capacity as such. In 1923 it appropriated out of its banking funds $5,000 to be added to its pension fund, which was a trust fund held by the trust department. Such funds are entirely segregated from the banking funds. The vice president of the petitioner testified in this proceeding that all trust funds handled by the trust department were kept absolutely separate from the banking funds. That such funds did not constitute a part of the capital employed in banking is conclusively shown by *Fidelity & Deposit Co. of Maryland v. United States*, 259 U. S. 296.

The prevailing opinion holds that "there is no reason in the present record to say that a trust was created." The vice president of the petitioner, its principal witness, was asked:

Q. Was it contemplated at the time by the officers [of the petitioner], at the time the fund was established that it should be a permanent and irrevocable trust?

A. It was to be a permanent trust.

It is also stated in the prevailing opinion that " The petitioner, with all of its experience in trust matters, deliberately refrained from making a trust agreement or declaration." There is no evi-

dence in the record to support such a statement. The evidence all goes to show that the petitioner acted in good faith in setting up the trust fund. In my opinion it is immaterial that there was no written declaration of trust. As was stated by the Supreme Court in *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Des Moines Union Ry. Co.*, 254 U. S. 196, 208:

It needs no particular form of words to create a trust, so there be reasonable certainty as to the property, the objects, and the beneficiaries, *Colton* v. *Colton*, 127 U. S. 300, 310.   *   *   *

No question being raised as to the right of the petitioner to deduct the amount set aside to the trust fund on the ground that it constituted unreasonable compensation for its employees, I am of the opinion that the amount is a legal deduction from gross income under the decisions of the Board in *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464; *Lemuel Scarbrough*, 17 B. T. A. 317; and *Elgin National Watch Co.*, 17 B. T. A. 339.